IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| BOBBY L. INGRAM, | ) | |
| | ) | No. 9:12-cv-02407-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DR. EDWARD REED, DR. DERICK PHILLIP, TAMALA MIDDLETON, MILDRED L. RIVERA, LARRY WHITMAN, and JUDY GLENN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on an action filed by plaintiff, a federal prisoner, pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to the magistrate judge, who, in a Report and Recommendation (R&R), found that the court should grant defendants' motion for summary judgment and dismiss plaintiff's case. For the reasons set forth below, the court follows the recommendations of the magistrate judge and dismisses this case.

## I.  BACKGROUND

Plaintiff Bobby L. Ingram filed a complaint on August 17, 2012 and an amended complaint on December 12, 2012.[1] On January 7, 2013, defendants filed a motion to dismiss or, in the alternative, for summary judgment. The magistrate judge issued a

---

[1] The prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), entitles a prisoner to a presumption of filing on the date he delivers his legal papers to prison authorities for forwarding to the district court.

1

Roseboro[2] order explaining the summary judgment procedures and directing plaintiff to respond to defendants' motion by February 11, 2013. Plaintiff requested an extension of time until March 8, 2013 to respond to defendants' motion, which the court granted. On March 1, 2013, plaintiff filed a motion to compel defendants to produce discovery materials. Records indicate that the court did not receive a response to defendants' summary judgment motion by the March 8, 2013 deadline. On March 15, 2013, the magistrate issued an R&R, recommending that the court grant defendants' motion for summary judgment.

On February 25, 2013, plaintiff filed a motion to allow service on two additional "defendant[s] that have been added to this [case]." ECF No. 62 at 1. The magistrate judge denied the motion because the "[i]ndividuals cited by plaintiff in his motion are not defendants in this case." ECF No. 63. On March 11, 2013, plaintiff moved for reconsideration of the magistrate judge's order. Also on March 11, 2013, plaintiff filed a motion to amend his amended complaint.[3] Finally, on March 28, 2013, plaintiff filed objections to the magistrate judge's R&R.

The factual allegations are set forth in detail by the magistrate judge. Briefly stated, Ingram alleges that he arrived at the Federal Correctional Institution in Estill, South Carolina (FCI-Estill) in April 2002, at which time he was in good health. By 2008 or 2009, Ingram began to experience rectal bleeding and complained of blood in his stool. Compl. 4. Ingram saw Dr. Phillip, who assessed Ingram with having colonic polyps and

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[3] In this motion to amend, plaintiff includes a response in opposition to defendants' motion for summary judgment. Plaintiff claims this motion was filed on February 7, 2013, but the envelope shows that it was mailed on March 11, 2013. See ECF No. 69-2.

referred Ingram for a colonoscopy. A general surgeon performed the colonoscopy on October 8, 2010 and discovered inflammation with mild to moderate hemorrhoids.

Ingram noticed blood again in 2011. He claims that he was having his blood monitored every two or three months before being placed in the Special Housing Unit in May 2011, after which the medical staff failed to monitor his blood as often. Id. at 4-5. Plaintiff complains he was "only seen . . . five time[s] out of a year" while in the Special Housing Unit but was "still losing blood." Id. at 5. Defendants Dr. Reed and Ms. Middleton treated plaintiff in early 2012 but then allegedly failed to respond to further requests for treatment. Id. at 6. According to plaintiff, the remaining defendants, who hold or held supervisory positions at FCI-Estill,[4] "kn[e]w everything that [wa]s going on" with plaintiff's medical conditions but were indifferent to his medical needs. Id. Plaintiff seeks nearly $3 million in damages.

Defendants state that on September 19, 2012, Ingram received a disciplinary transfer from FCI-Estill to the Federal Correctional Institution in Florence, Colorado (FCI-Florence) as a result of his involvement in a disturbance at FCI-Estill. See Reed Dec. ¶ 2; Horvath Dec. ¶ 3. In his amended complaint, plaintiff complains about being transferred to FCI-Florence, which he believes was in retaliation for filing this case.

Defendants have filed individual declarations and produced extensive medical records. According to defendants, records indicate that Ingram has a history of rectal bleeding dating back to 2006. Phillip Dec. ¶ 3. Defendants allege that during his time at FCI-Estill, Ingram received periodic check-ups and consultations from medical staff, including when Ingram was in the Special Housing Unit. From 2009 through 2012,

---

[4] Defendants Rivera, the former Warden at FCI-Estill, and Whitman, a former Associate Warden at FCI-Estill, retired in 2012. Defs.' Mem. Supp. Mot. Summ. J. 2.

defendants claim that Ingram was seen by FCI-Estill medical staff at least 34 times for various complaints, including at least 16 times for rectal bleeding.  Reed Dec. ¶¶ 15-16; Phillip Dec. ¶ 8.

## II.  STANDARDS

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  A party's failure to object may be treated as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Plaintiff appears pro se in this case.  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case.  See Haines v. Kerner, 404 U.S. 519, 521 (1972).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.  Id. at 255.

### III.  DISCUSSION

In his R&R, the magistrate judge made the following findings:  (1) there is no evidence that defendants Rivera, Whitman, or Glenn made any decisions with respect to plaintiff's medical care and treatment, and thus they cannot be held liable for the wrongs alleged by plaintiff; and (2) while defendants Dr. Reed, Dr. Phillip, and Ms. Middleton did provide direct medical care, plaintiff has failed to present sufficient evidence that these defendants were deliberately indifferent to his medical needs.

In his objections to the R&R, plaintiff does not offer any additional evidence in support of his claims.[5]  After conducting a review of the record, the court agrees with the recommendations of the magistrate judge.  The evidence shows that defendants provided adequate medical care and treatment for plaintiff's complaints, including periodic monitoring, lab work, a colposcopy, and medication.  There is no evidence that defendants ignored Ingram's requests for treatment.  While plaintiff may not agree with the nature and extent of care he received, his conclusory allegations of deliberate indifference are insufficient to survive summary judgment.  See Estelle v. Gamble, 429 U.S. 97 (1976); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (providing that to

---

[5] Plaintiff primarily objects that the magistrate judge's "order" granting summary judgment and dismissing his case was in violation of his constitutional rights.  Pl.'s Obj. 5.  Contrary to plaintiff's position, the magistrate judge did not issue an order but only a recommendation that summary judgment be granted and this case be dismissed.

establish "deliberate indifference" to medical needs, a plaintiff must demonstrate that the defendant's treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness").

The magistrate judge additionally found that in his amended complaint, Ingram fails to state a claim for retaliation. Plaintiff alleges he was transferred to FCI-Florence in retaliation for filing this case. However, the evidence shows that plaintiff's transfer stemmed from a disciplinary infraction in May 2011 and that the recommendation for transfer was made several months prior to Ingram filing this case. See Horvath Dec. ¶¶ 6, 8. Plaintiff has not attempted to counter this evidence. The court agrees with the magistrate judge that plaintiff has not stated a claim for retaliation.

Finally, the magistrate judge recommends that plaintiff's complaint may be liberally construed as asserting a negligence claim against the United States under the Federal Tort Claims Act, but that any such claim is without merit. The court agrees. As discussed above and as set forth more fully by the magistrate judge, plaintiff has not presented evidence sufficient to create a genuine issue of material fact as to whether FCI-Estill officials were negligent in providing medical treatment for Ingram's rectal bleeding.

For these reasons, the court grants summary judgment in favor of defendants.

Several other motions remain pending. The first is plaintiff's motion to dismiss defendants' motion to dismiss or, in the alternative, for summary judgment, because defendants' motion was allegedly untimely. A review of the docket reveals that defendants complied with the court's extended deadlines to file an answer or other

response to plaintiff's complaint. See ECF Nos. 35, 45. Therefore, the court denies plaintiff's motion to dismiss.

Second, Ingram has filed a motion to compel,[6] seeking production by defendants of all medical records relating to his treatment at FCI-Estill. Defendants have produced voluminous records as attachments to their summary judgment motion, and plaintiff does not complain that any particular documents are missing from this production. The court denies plaintiff's motion to compel.

Third, Ingram moves for reconsideration of the magistrate judge's March 4, 2013 order.[7] Federal Rule of Civil Procedure 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Ingram previously filed a motion to allow service on two additional defendants, Drs. Mario A. Cerame and Narayanachar S. Murali, who allegedly performed surgeries on plaintiff. The magistrate judge issued a text order denying the motion because these individuals were not defendants in the case. In his motion for reconsideration, Ingram claims he had already filed a motion to amend to add these doctors as defendants and thus it was improper not to allow service. However, the record shows that plaintiff did not mail his motion to amend until March 11, 2013, after the magistrate judge had ruled on plaintiff's motion for service. As such, the court denies reconsideration of the magistrate judge's order.

---

[6] Ingram's motion to compel was originally filed on the docket as ECF No. 65 and then re-filed as ECF No. 71.

[7] Ingram's motion for reconsideration was originally filed on the docket as ECF No. 68 and then re-filed as ECF No. 70.

Last, as just discussed, Ingram filed a motion to amend on March 11, 2013, seeking to add Drs. Cerame and Murali as defendants in the case. These doctors are not alleged to be employed by the Federal Bureau of Prisons and are not proper parties in plaintiff's case against FCI-Estill employees for alleged inadequate medical care at FCI-Estill. The court denies plaintiff's motion to amend. See Fed. R. Civ. P. 15(a)(2) (authorizing amendment "only with the opposing party's written consent or the court's leave").

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motions to dismiss (ECF No. 51), to compel (ECF Nos. 65 and 71), for reconsideration (ECF Nos. 68 and 70), and to amend (ECF No. 69); **AFFIRMS** the magistrate judge's R&R (ECF No. 66); **GRANTS** defendants' motion for summary judgment (ECF No. 45); and **DISMISSES** this case **WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 30, 2013**
**Charleston, South Carolina**